AO 243 (Rev. 5/85)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | OF MASSACHUSETTS |
|---|---|---|
| Name of Movant J U A N   D E L L O S A N T O S | Prisoner No. 1 6 6 8 6 - 2 6 5 | Case No. 0 1 - 4 0 0 1 0 ( N M G ) |
| Place of Confinement FCI-LORETTO, P.O.BOX. 1000, LORETTO, PA. 15940. | | |

UNITED STATES OF AMERICA

V.JUAN    DELLOSANTOS

MAGISTRATE JUDGE RBC

(name under which convicted)

MOTION 04 11624 NMG

1. Name and location of court which entered the judgment of conviction under attack U.S. DISTRICT COURT OF MASSACHUSETTS, MA. 02210.

2. Date of judgment of conviction _____ 01-14-2002.

3. Length of sentence _____ 188 MONTHS.

4. Nature of offense involved (all counts) 21 U.S.C. § 841 (a)(1), POSSESSION OF HEROIN WITH INTENT TO DISTRIBUTE AND DISTRIBUTION OF HEROIN.

5. What was your plea? (Check one)
   (a) Not guilty     ☐
   (b) Guilty         ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury       ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9.  If you did **appeal**, answer the following:

    (a) Name of court ___ U.S COURTS OF APPEALS FOR THE FIRST CIRCUIT.

    (b) Result _____ DENIED # 02-1178.

    (c) Date of result ___ JUNE 10th, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5)  Result_____

(6)  Date of result _____

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1)  First petition, etc.        Yes ☐ No ☐
(2)  Second petition, etc.      Yes ☐ No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.  State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
x(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

    A. Ground one: __DEFENDANT WAS UNCONSTITUTIONALLY DENIED EFFECTIVE ASSISTANCE OF COUNSEL.__

    Supporting FACTS (state *briefly* without citing cases or law) __SEE: BRIEF IN SUPPORT THEREOF GROUND ONE.__

    B. Ground two: __CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY OR WITH UNDERSTANDING OF THE NATURE OF THE CHARGE AND THE CONSEQUENCES OF THE PLEA.__

    Supporting FACTS (state *briefly* without citing cases or law): __SEE: BRIEF IN SUPPORT THEREOF GROUND TWO.__

    C. Ground three: _____

    Supporting FACTS (state *briefly* without citing cases or law): _____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

ALL THE ABOVE  LISTED GROUNDS, WERE     PRESENTED DUE TO THE INEFFECTIVE ASSISTANCE

OF COUNSEL.

_____
_____
_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing __ THOMAS F. CONNORS, ESQ.   454 BROADWAY #200, Providence,
        __ RI. 02909

    (b) At arraignment and plea __ THOMAS  F. CONNORS, ESQ.

    _____

    (c) At trial _____

    _____

    (d) At sentencing __ THOMAS F. CONNORS.  ESQ

    _____

AO 243 (Rev. 5/85)

(e) On appeal_____ PATRICK   SHANLEY, PC. _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

   (b) Give date and length of the above sentence: _____

_____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
                                          Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

JULY  20th, 2004
_____
     (date)

_____
                    *Juan Delos Santos*
                     Signature of Movant

JUAN   DELLOSANTOS, #16686-265.
FCI-LORETTO, P.O.BOX. 1000.
LORETTO, PA. 15940.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


JUAN DELLOSANTOS,                    :
        Defendant                    :

        VS.                          :
                                          DOCKET # 01-40010 (NMG).
                                     :

UNITED STATES  OF AMERICA            :
        PLAINTIFF.                   :

                                     :


" MEMORANDUM    OF  LAW  IN  SUPPORT
THEREOF  HABEAS  CORPUS  MOTION  TO
VACATE,  OR  CORRECT  SENTENCE
PURSUANT,  TO  28  U.S.C.A.§  2255".


1.    STATEMENT  OF  LEGAL  JURISDICTION:


This court has Jurisdiction of this matter pursuant to 28 U.S.C.
§ 1291 because defendant appeals from the Conviction and Sentence
in a criminal case which is the final Judgment of this Honorable
U.S. DISTRICT COURT FOR THE MASSACHUSETTS.

-2-

In addition, 28 U.S.C.A. § 2255 <u>Constitutionally</u> requires a prisoner's sentencing court to release him if the prisoner's sentence was imposed in violation of the Constitutional or Laws of The United States Of America, if the court was without Jurisdiction to impose the sentence, if the sentence exceeded the maximum authorized by Law, or if the sentence is otherwise subject to collateral attack. The Statute provides that if the court finds for the prisoner, it may resentence defendant or set the conviction aside or correct the sentence, as its deem fit and appropriate.

2.      **THE  BRIEF  HISTORY  OF  THE  OFFENSE.**

<u>CHARGES  AND  CONVICTIONS:</u>

On January 10th, 2001, a criminal complaint was filed in the District of Massachusetts naming **Juan Dellosantos** and Antonio Dellosantos, and arrest warrants were issued.  On January 22, 2001, while in the custody of the Immigration and Naturalization Service (INS), **Juan Dellosantos** was arrested in the INS holding facility in Oakdale, Louisiana.  (Juan Dellosantos had been in INS custody since November 28, 2000, awaiting deportation to the Dominican Republic.)

**Juan Dellosantos** was extradited to the District of Massachusetts, and at the detention hearing on February 16, 2001, he was ordered detained by Magistrate Judge C.B. Swartwood, III.

-3-

On March 8, 2001, a federal grand jury in the District of Massachusetts, returned a four-count indictment against **Juan Dellosantos** and Antonio Dellosantos. Count One charges that from on or about October 14, 1999, and continuing thereafter until on or about October 27, 1999, at Worcester, in the District of Massachusetts, and elsewhere, **Juan Dellosantos** and Antonio Dellosantos, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance, and a quantity of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the defendants conspired to distribute, and to possess with intent to distribute, 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846 and 841(a)(1).

Count Two charges that on or about October 14, 1999, at Worcester, in the District of Massachusetts, **Juan Dellosantos** and Antonio Dellosantos, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance.

-4-

It is further alleged that this offense involved 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of title 21 United States Code, Section 841(a)(1).

Count Three charges that on or about October 14, 1999, at Worcester, in the District of Massachusetts, **Juan Dellosantos** and Antonio Dellosantos, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of herion, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Count Four charges that on or about October 27, 1999, at Worcester, in the District of Massachusetts, **Juan Dellosantos** and Antonio Dellosantos, did knowingly and intentionally possess with intent to distribute, and did distribute, a quantity of cocaine base, also known as "crack," a Schedule II controlled substance.

It is further alleged that this offense involved 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The offenses charged in Counts One, Two, and Four each involved a quantity of cocaine base, also known as "crack," in excess of 50 grams. Accordingly, the provisions of Title 21 United States Code, Section 841(b)(1)(A)(iii) apply to those offenses.

-5-

On October 9, 2001, **Juan Dellosantos** appeared before the Honorable Nathaniel M. Gorton, U.S. District Judge in federal court in Worcester, and pleaded guilty to Count 3 of the above-noted Indictment. The Government has agreed to dismiss Counts 1, 2 and 4 at the time of sentencing, which has been scheduled for December 17, 2001.

The Government dismissed Counts 1, 2, and 4 at the time of sentencing. On or before January 14, 2002, the Defendant was sentenced to **188 months** in prison. Immediately after the Defendant was sentenced, Defendant filed timely Notice of Appeal at U.S. Court of Appeals, 1st Circuit and the Appeal was **DENIED** with Judgement **ORDERED** entered June 10, 2003. Wherefore; prior the sentencing counsel, Thomas F. Connors has promised the Defendant that upon Defendant entering the plea on October 9, 2001, the Defendant will only be sentenced to **151 MONTHS** of imprisonment. However, the Defendant was sentenced to **188 MONTHS** of imprisonment on January 14, 2002, instead. In support hereof with Constitutional Mandate that, the Counsel, Thomas F. Connors, caused Defendant to muse that there was a factual possibility that Defendant might be sentenced within a sentencing range that was less than **151-168 MONTHS**. This is unlike the situation in **USA v Couto**, 311 f.3d 179, 188 (2 Cir. 2002), in which the court held that counsel's conduct, in affirmatively misleading his client that Defendant might be able to avoid higher sentence following his guilty plea on October 9, 2001, when in fact, such avoidance was a legal impossibility, constituted a lapse in effective legal representation.

-6-

To that case was deportation in-exchanged for plea; while in this case is the plea entering for **FOR LESS SENTENCE OF 151 MONTHS** which the counsel was never fulfilled his promise of 151 months sentence to the defendant.

3.    C O N S T I T U T I O N A L   A R G U M E N T S :

(a):   THAT DEFENDANT WAS  KNOWINGLY DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

To  wit, the claims of ineffective assistance of counsel raise a cognizable Constitutional issue that can serve as the basis of a Motion under §2255. **THE SIXTH Amendment** to The  United States Constitution provides that in criminal prosecutions the accused  shall have the due right to the assistance of counsel for his defense. The United States Supreme  Court has held that this right includes the right to effective assistance. McMann vs. Richardson, 397 U.S. 759, 771 n.14, 90 S.Ct 1441, 25 L.Ed. 2d 763 (1970). Pursuant to this Constitutional Mandate, a Defendant is entitled to reasonably competent assistance of counsel from pre-plea investigation and preparation through advocacy at sentencing. **USA v. Garcia** 698 F.2d 31, 33-34 (1st Cir. 1983).

On January 14, 2002, immediately after Defendant was sentenced, Defendant bitterly  complained his attorney's bad faith to convince the court to keep the counsel's promise of **151 MONTH** sentence, after which the counsel (Thomas F. Connors) has  promised  Defendant  **151  MONTHS**  sentence,  which unconstitutionally induced and unlawfully lured the Defendant to enter into the plea in the first instant.  "Attorney who fails to fulfill his/ her promise  to his/her client as promised is per se "ineffective." **USA v. Witherspon**, 231 f.3d 923 (4th Cir. 2000).

-7-

By not fulfilling his **151 MONTHS** sentence which gave Defendant the confidence to enter plea as per the counsel's advice, counsel was ineffective. As soon as Defendant was erroneously sentenced to 188 MONTHS on January 14, 2002, the Defendant took the initiative to hire an attorney to file a Notice of Appeal. By doing so, Defendant's actions show that if not for Counsel's Thomas F. Connors's ineffectiveness, the Defendant would have taken the case to trial. In that, Defendant specifically refused to sign any plea agreement, because; the counsel never took time to even communicate with Defendant not to talk-of exercising his legal hours to explain the legal ramification of signing the plea, and instead, Defendant choose to plea guilty in open court so that Defendant would retain his right to appeal.

In addition, when the Defendant ask Counsel Thomas F. Connors if there was a difference between heroin and cocaine base (crack) for sentencing purposes, Counsel Thomas F. Connors said, "No." Hence, the Defendant asked the Counsel Thomas F. Connors why the Government was charging him with cocaine base (crack) and not heroin, Mr. Thomas F. Connors replied, "It doesn't matter it is the same thing." Based on that conjecture from Mr. Thomas F. Connors, the Defendant pled guilty. "A waiver of rights must be knowing and voluntary." See: **USA v. Newman**. 912 f.2d 1119, 1123 (9th Cir. 1990). (Voluntary plea requires real notice of the true nature of the exact prosecuting charge). Given the highly severe unconstitutional sentencing ratio of 100:1 for crack versus heroin, the Defendant's sentence may vary dramatically depending on whether he sold crack or heroin. Not only was the Defendant not aware of this crucial fact, Counsel Thomas F. Connors told Defendant that crack and heroin were the same for Federal Court sentencing purposes. "As a general matter, a guilty plea not only results in waiver

-8-

of the right to a jury trial, the right to confront one's accusers, and the privilege against compulsory self-incrimination, but also is an admission of guilt to the substantive crime. **BOYKIN**, 395 U.S. @ <u>243</u>. 89 S.ct @ 1712 (State Court Plea); **U.S. v. Broce**, 488 U.S. 563, 109 S.ct. 757, 762, 102 L.Ed. 2d 927 (1989) (Rule 11 Plea) (Citation Omitted). Therefore, an involuntary plea may result where "the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." **Henderson v. Morgan**. 426 U.S. 637, 645, n.13, 96 S.ct 2253, 2257 n.13, 49 L.Ed.2d 108 (1976) (Citation Omitted). In this case, the Defendant had such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilty. Being that Defendant was incarcerated from the time of his arrest through the time of sentencing with no access to any law books whatsoever, the Defendant had to rely totally on the legal advice of his Counsel, Thomas. F Connors esq. By giving the Defendant the notion that cocaine base (crack) and heroin are the same for sentencing purposes, when the attorney knew or should have known that there is in fact a 100:1 sentencing ratio, the Counsel's actions were **DEFICIENT** and **DEFECTIVE** and was the reason why the Defendant chose to plea guilty. If not for this incorrect advice by Defendant's counsel, the Defendant would not have pled guilty to such charges. It should be noted that the Defendant was not in possession of any drugs when Defendant was arrested, nor were any drugs found when the U.S. Drug Enforcement Administration officials executed the aforementioned arrest warrant **JANUARY, 22, 2001.** In fact ..., the Defendant also admitted to selling <u>heroin</u> on several occasions since October 1999." This statement shows that the

-9-

Defendant admitted to selling <u>heroin</u> and not crack. This is extremely important because the government's case is based on Defendant's admission that he sold drugs. "When the government seeks the longer sentence available under the sentencing guidelines of **188 MONTHS** for crimes involving cocaine base, it must prove by a preponderance of the evidence that the offense involved crack and not just cocaine base." **U.s. v Griffin**, 194 f.3d 808 (7th Cir. 1999). The off white substance that The Drug Enforcement Agency collected from their cooperating witness claimed sold to him by Defendant was analyzed and/or tested to determine if such substance was crack, cocaine, or something else; **IT WAS HEROIN NOT CRACK**.


4.    <u>C O N C L U S I O N :</u>


Based on the foregoing arguments and authorities, and the records in this case, this Honorable Court is respectfully urged to grant the Defendant's motion to vacate **188 MONTHS** sentence or at a minimum to grant the Defendant an evidentiary hearing on the instant motion.


JULY 20, 2004                              RESPECTFULLY SUBMITTED,


*Juan Delo Santos*

DELLOSANTOS , JUAN (DEFENDANT)

16686-265

FCI LORETTO

P.O. BOX 1000

LORETTO, PA  15940

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


JUAN DELLOSANTOS,                    :

    Defendant                    :

    VS.                              :

                           DOCKET # 01-40010 (NMG).

                         :

UNITED STATES OF AMERICA             :

    PLAINTIFF.                       :

                         :


## DEFENDANT'S AFFIDAVIT IN SUPPORT THEREOF MOTION TO VACATE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255.


**JUAN DELLOSANTOS,** being duly sworn, deposes and says:-

(1): I am the defendant in the above entitled case matter.

(2): The only reason I plead guilty to the  Charge for which I was indicted was because MR. THOAMS F. CONNORS ESq told defendant that Cocaine base (Crack) and Heroin were the  same for sentencing purposes and that defendant will be senteenced to 151 months, If it was not for that counsel's conjecture from my attorney, I would not have Pled guilty.

(3): My native language is spanish and all the due process court documents was incompetently  and poorly translated to me.

-2-

WHEREFORE, I RESPECTFULLY REQUEST THAT THIS HONORABLE COURT GRANT THE DEFENDANT'S MOTION TO VACATE THE SENTENCE, OR AT A MINIMUM TO GRANT DEFENDANT AN EVIDENTIARY HEARING ON THIS INSTANT MOTION.

I, JUAN DELLOSANTOS, CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING TO THE BEST OF MY KNOWLEDEGE IS TRUE AND CORRECT PURUSANT TO 28 U.S.C.§ 1746.

DATE: JULY 20, 2004.          RESPECTFULLY SUBMITTED:

*Juan Dellos Santos*

JUAN DELLOSANTOS.

16686-265,

FCI, P.O.BOX.1000,

LORETTO,PA.15940.

(DEFENDANT/PRO-SE)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


JUAN DELLOSANTOS,                     :
     Defendant                      :

   VS.                                :
                                     DOCKET # **01-40010 (NMG)**.
                                     :

UNITED STATES OF AMERICA          :
         PLAINTIFF.                :

                                     :


## C E R T I F I C A T E   O F   S E R I V I C E.

    This is to certify that the undersigned has this date served the foregoing Motion 28 U.S.C. 2255 and the supporting affidavit upon all parties to this cause by depositing a copy, in the U.S. Mail, addressed to the following:- -


1). THE CLERK OF Court,
    U.S. DISTRICT COURT OF MASSACHUSETTS,
    JOHN JOSEPH MOAKLEY U.S. COURTHOUSE,
    1 COURTHOUSE WAY, SUITE # 2300,
    BOSTON, MA. 02210.
    certified mail #  7001 0320 0001 0234 7798.          (3 copies).


2). DAVID HENNESSY, AUSA.
    U.S. ATTORNEY'S OFFICE,
    DONOHUE FEDERAL BLDG.,
    595 MAIN ST., SUITE # 206.
    WORCESTER, MA. 01608.          (priority mail)          (1 copy).

-2-

3).    THOMAS F. CONNORS. ESQ.    (Ex-attorney).
       454 broadway, Suite # 200,
       PROVIDENCE, RI. 02909.
       certified mail # 7001 0320 0001 0234 7781                ( 1copy).


4).    MRS. ELSIE RIVERA ( defendant's wife).
       20 FIFTH AVENUE, # 1,
       WORCESTER, MA. 01607.


DATE:   JULY 20th, 2004.                    _Juan Delos Santos_

                                            JUAN DELLOSANTOS ( defendant).

                                            FCI,box. 1000,
                                            LORETTO, PA. 15940.