IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS, CLERKS OFFICE

JUAN DELLOSANTOS                     :        2005 MAR 17  P 3: 15
    Petitioner                   :
                                                          U.S. DISTRICT COURT
Vs.                                  :        Docket # 01-40010(NMG) MASS
                                                  Hon: Nathaniel M. Gorton

UNITED STATES OF AMERICA             :
    Respondent                   :


SUPPLEMENTAL BRIEF TO MOTION §2255 PENDING DECISION, DUE TO SUPREME COURT'S INTERVENING COURT DECISION, SHEPARD, DECIDED:03-07-2005


TO THE HONORABLE NATHANIEL M. GORTON, THE DISTRICT COURT JUDGE:

MR. DELLOSANTOS'S SENTENCE SHOULD NOT HAVE BEEN ENCHANCED FOR HIS PRIOR CRIMINAL CONVICTIONS.

Petitioner brings this court attention to the recently decided **SHEPARD vs. U.S.A.**, 03-9168, on March 7, 2005 by The U.S. Supreme Court intervening decision cast doubt on this court's sentencing to **Mr. Dellosantos** as this recent case decision was not available to the petitioner at the time the above mentioned **Writ Of Habeas Corpus §2255** was submitted last July 20, 2004 before this honorable court, which ruling decision is still pending to date.

In lieu of **SHEPARD, The U.S. Supreme Court** reversed and remanded in a decision of 5-3, to wit, **Mr. Dellosantos** should not be sentenced as a category **V** offender with total points of **ten(10)**, despite the information contained in the **PSI** of this case matter which was prepared by: Emily S. Piovoso, Of The U.S. Probation Office, Massachusetts. On the 11/12/2001, Whereat The **PSI** unconstitutionally and erroneously computed petitioner's criminal history as follow: The PSI @: page 8,

added three(3)points , PSI ¶ 46, of date 8/31/90 , Poss. Of Dist.; On ¶46, PSI added one (1) points, for prior on 7/6/92 Oper.Und. Infl. Of Liq.; on Page 9, PSi added Two(2) points for prior 8/19/92 Oper.Aft. Rev.Lic. For Drink Driving,; PSI @ ¶50 added two(2) Points for prior 2/24/93 Oper. Under Influ. Of Liq,; On page 10, PSI @: ¶ 52 'Based on the above prior convictions, the petitioner has a subtotal crinimal history score of 8 ",; PSI @: ¶53 added two(2) pursuant to U.S.S.G.§4A1.1(d), and at ¶ 54, PSI total his criminal history points as Ten(10), According to the sentencing table  U.S.S.G, Chapter 5, Part A), 10- to 12 criminal history points estbalished a criminal history category of Five (V)), and relied on by the district court;  That  such Criminal History points of 10  resulting to category V duly violated the U.S. Supreme Court recent 5-3 decision on **SHEPRAD, March 7, 2005.**

The **Blakely** decision strongly suggests that the Supreme Court may well consider whether prior convictions, too, must be pleaded and proved beyond a reasonable doubt or admitted, if they are to be used to enhance a sentence beyond that which is otherwise applicable.

In Almendarez-Torres vs. United States, 523 U.S. 224 (1998), The Supreme Court held, in a five-to-four decision, that the constitution did not required the sentence increasing fact of a prior conviction to be treated as an offense element, i.e., charged in a grand jury indictment ( in federal court) and proved to, and found by, a jury beyond a reasonable doubt. see id. at 239-47. The Court in **Apprendi** stated that " **it is arguable that Almendarez-Torres was incorrectly decided and that a logical application of our reasoning today should apply if the recidivist issue were contested,**" but then concluded that "**Apprendi**  does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset." Apprendi, 530 U.S. at 488-89. After **Apprendi**, however, it appeared that five members of the court believed the **Almendarez-Torres** case to have been incorrectly decided. See: **Almendarez-Torres, 523 U.S. at 248-71 ( Scalia, J., Joined by Stevens, Souter, and Ginsburg, JJ., Dissenting );** Apprendi, 530 U.S. at 520-21 ( **Thomas, J., Concurring) ( Expressing view that Almendarez-Torres was wrongly decided).** Nonetheless, Apprendi did not overrule

Almendarez-Torres, and while the spirit of Apprendi may conflict with that of almendarez-Torres, only the Supreme Court may overrule Almendarez-Torres, United States v. Pacheco-Zepeda, 234 F.3d 411 (9th Cir. 2000), amended, cert. denied, 532 U.S. 966 (2001) other courts have reached similar conclusions.

However, as explained, the First Circuit, and every other circuit court to reach the question, also concluded that Apprendi did not apply to determinations under the United States Sentencing Guidelines. E.g., Ochoa, 311 f.3d at 1135 The Supreme Court's decision in **Blakely**, which casts doubt on the holdings of circuit courts vis-a-vis the guidelines again raises the possibility that the rule adopted in Almendarez-Torres may not be long-lived. according, The U.S. Supreme Ordered all Court's decision by intervening in 5-3 decision, on March 7, 2005, **SHEPARD vs. UNITED STATES, 03-9168,** where his sentence was enhanced due to his prior criminal history and as The Supreme court's 5-3 decision reversed such criminal history sentencing emhancement as unconstitutionl, and therefore petitioner constitutionally challenges the assignation of his criminal history points to his prior convictions, placing him in criminal history category V, with erroneous 188 months sentence, ( if only preserve this argument for further review.) when Constitutionally petitioner should be on Criminal History point **ONE (1)**, offense level 30, carrying constitutional imprisonment of **97-121** in compliance and concurring with The Supreme Court, 5-3 decision on **SHEPARD, March 7, 05.** And "Not - as unconstitutionally / erroneously sentenced to **188 months on prior criminal history of V inflicted.**

## CONCLUSION

Petitioner, given the supreme court's recent 5-3 decision in **SHEPARD, on March 7, 2005; Petitioner's 188 sentence should be forthwith vacated, reversed , and constitutionally corrected as Criminal History Point ONE(1), offense level 30, sentence ranges 97-121,** And petitioner respectfully requests this court to forthwith vacate his sentence for resentencing, because of the intervening Supreme Court's decision, on **SHEPARD VS. UNITED STATES,** decided March 7, 2005. If it would aid court, petitioner is willing to fully brief this issue and application

-4 -

of **SHEPARD** to this correction of sentence to lower 97-121 months of imprisonment under criminal history point **ONE (1), level 30**.

**WHEREFORE, PETITIONER PRAYS THROUGH THIS COURT TO FORTHWITH GRANT HIM A NEW HEARING FOR THE PURPOSE OF RESENTENCING UNDER CRIMINAL HISTORY ONE (1), LEVEL 30, IMPRISONMENT RANGES: 97-121 AS CONSTITUTIONALLY DEEMED APPROPRIATE ON SHEPARD ,AND JUST FIT BY THIS COURT.**

March 14, 2005                                      Respectfully Submitted

*[signature]*
Juan Dellosantos, Pro-se
#16686-265
FCI-Loretto,
Box. 1000, Loretto,
PA. 15940

CERTIFICATE OF SERVICE.

This is to certify that the undersigned has this date served the foregoing Supplemental Brief to Motion §2255 Pending Decision, Due To Supreme Court's Intervening Courts' Decision, <u>Shepard</u> Decided : 03-07-2005, upon all parties to this cause by depositing a copy, in the U.S. certified mail, addressed to the following:-

Hon: Nathaniel M. Gorton
U.S.District Court Judge
U.S.District Court Of Massachusetts,
1 Couthouse Way,
Boston, MA. 02210-3008

cert: 7004-1160-0007-1715-4600.

**The Court Clerk,**
U.S.District Court Of Massachusetts
1 Courthouse Way, 2300
Boston, MA. 02210-3008

David Hennessy, Ausa
U.S.District Attorney,
   Massachusetts
1Courthouse Way, #9200,
Boston, MA. 02210-3008

March 14, 2005

_Juan de los Santos_
Juan Dellosantos.