United States District Court
District of Massachusetts

|   |   |
|---|---|
| JUAN DELLOSANTOS,                )<br>                                  )<br>        Petitioner,                )<br>                                  )   Civil Action No.<br>        v.                        )   04-11624-NMG<br>                                  )<br>UNITED STATES OF AMERICA,         )<br>                                  )<br>        Respondent.               )<br>                                  ) | |

MEMORANDUM & ORDER

GORTON, J.

    Petitioner Juan Dellosantos ("Dellosantos"), proceeding pro se, brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and sentencing errors. More specifically, Dellosantos alleges that he was induced to plead guilty by his counsel's false misrepresentations and lack of guidance. He challenges his sentence as being contrary to the principles of Booker and based upon miscalculations of his criminal history.

    Dellosantos was indicted on March 8, 2001, on four counts relating to the possession and distribution of heroin and crack cocaine. Pursuant to a plea agreement with the government, petitioner pled guilty on October 9, 2001, to possessing heroin with the intent to distribute it, and distributing it, as charged

in Count Three of the Indictment. In that plea agreement, the parties agreed that Dellosantos' status as a "career offender", together with the amount of drugs for which he was to be held responsible, would result in a base offense level ("BOL") of 32.[1] The agreement also stated that the U.S. Attorney would take the position that Dellosantos played a leadership role in the criminal conduct thereby resulting in an two-level BOL increase in the event that he was not determined to be a career offender. The plea agreement set forth the parties' agreement that there was "no basis for departure" from the applicable guideline sentencing range and noted that petitioner might be deported as a result of his conviction.

On account of the vacation of a prior state conviction (of which neither Dellosantos nor the government was aware at the time that the plea agreement was executed), it was determined at the time of sentencing that Dellosantos was not a career offender. Consistent with the plea agreement, however, the Court found that, based upon the amount of drugs for which petitioner was responsible, his BOL was 32. The Court then determined that Dellosantos' leadership role in the criminal activity warranted a two-level increase. After applying a three-level decrease for

---

[1] Although the agreement anticipated that Dellosantos would be deemed a career offender, it provided that, should he not be so found, the amount of drugs for which he accepted responsibility would be increased so that his BOL would be 32 in any event.

acceptance of responsibility, petitioner's total offense level was determined to be 31. Based upon a finding that he had ten criminal history points, Dellosantos was placed in Criminal History Category V. The combination of offense level and criminal history yielded a recommended sentence range of 168 to 210 months and, although both the government and Dellosantos recommended a sentence at the low end of the range, the Court imposed a sentence of 188 months which was identical to the sentence imposed upon a codefendant whom the Court had found less culpable but with a more serious criminal history.

Dellosantos appealed his conviction on the grounds that his counsel had been ineffective in failing to seek a downward departure on the basis of his deportable status but the First Circuit Court of Appeals found that argument without merit. United States v. Dellosantos, 71 F. App'x 72 (1st Cir. 2003) (summary disposition).

To demonstrate constitutionally defective assistance, Dellosantos must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that, but for that deficiency, "the outcome would likely have been different". Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Courts reviewing ineffective assistance claims are to "indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance". Strickland, 466 U.S. at 689. Here, petitioner attempts to demonstrate deficiency and prejudice by virtue of his counsel's 1) failure to argue, in accordance with Booker and its antecedents, that findings such as drug weight and type must be proved to a jury beyond a reasonable doubt, 2) alleged promise to petitioner that he faced a prison term of only 151 months and 3) statement to petitioner that heroin and crack cocaine were treated identically for sentencing purposes.

Upon consideration of the record, the Court finds that petitioner's counsel was more than competent, particularly given the full set of charges that Dellosantos was facing. At the time of sentencing, it was proper for the judge to determine drug weight and type based upon a preponderance of the evidence standard, see, e.g., United States v. Wihbey, 75 F.3d 761, 776 (1st Cir. 1996), and even if Dellosantos had a tenable claim under Booker, that decision does not apply retroactively. See Cirilo-Munoz, 404 F.3d at 533. With respect to the alleged misrepresentations made by petitioner's counsel, the contentions of Dellosantos are belied by the terms of his plea agreement and the statements he made during his plea colloquy with the Court. Finally, petitioner has failed to demonstrate prejudice resulting from his counsel's alleged errors in light of the evidence of his guilt and the sentence he would have faced if he had proceeded to

trial.

**ORDER**

In accordance with the foregoing, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated: April 26, 2006