Juan Dellosantos
Reg. No. 16686-265
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

FILED
IN CLERKS OFFICE

2006 JUN 29  P 2: 56

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUAN DELLOSANTOS,<br>    Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Plaintiff-Respondent. | CASE NO.: 04-11624-NMG |

MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR CERTIFICATE OF APPEALABILITY

TO THE HONORABLE COURT:

Pursuant to the case of Mateo v. United States, 310 F.3d 39, 43 (1st Cir. 2002), a defendant must obtain a certificate of appealability from the denial of a § 2255 motion in order to obtain appellate review. A certificate of appealability may be issued where the defendant proves a substantial showing of the denial of a constitutional right. Berthoff v. United States, 308 F.3d 124 129 (1st Cir. 2002). A substantial showing does not require proof of prevailing on the claim; rather, the defendant must prove any of the following: that the issues are debatable among jurists; that a court could resolve the issue differently; or that the questions are adequate to warrant further review. Issues of law presented in a certificate of appealability are reviewed de novo. Medburry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003). The Petitioner submits that he meets this standard.

The April 26, 2006 Order of this Court found that Petitioner was not denied effective assistance of counsel and that United States v. Booker, 125

S.Ct. 738 (2005) does not apply retroactively to cases on collateral review. The Court did not comment on whether Blakely v. Washington, 124 S.Ct. 2531 (2004) applied retroactively to cases on collateral review. For the purpose of this COA request, Petitioner will presume that the Court also decided that Blakely, too, does not apply retroactively to cases on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 537 (1st Cir. 2005). On the facts presented on both the ineffective assistance of counsel and Blakely/Booker claims, this Court's findings are debatable among jurists.

In Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 1600 (2000), the United States Supreme Court addressed when a certificate of appealability should issue, and held in pertinent part:

> [W]hen the district court denies a habeas corpus petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, has been followed expressly in the First Circuit. See Mateo, 310 F.3d at 40.

A split in the Circuit Courts of Appeals is of course conclusive proof that jurists would find a district court conclusion debatable. Lozada v. Deeds, 498 U.S. 430, 431-32 (1991) (per curiam) (reversing denial of appealability because two other Circuit Court's reached a different conclusion regarding Strickland prejudice); United States v. Battle, 291 F.Supp.2d 1367, 1373 (N.D. Ga. 2003) ("In the event of a split of authority between circuits, an issue is classified as debatable among reasonable jurists"); Lave v. Dretke, 416 F.3d 372 (5th Cir. 2005) (same).

Indeed, there seems to be no genuine dispute that the Order of this

Court would be reversed in the Fifth Circuit Court of Appeals. See Roberts v. United States, 486 F.2d 980 (5th Cir. 1973). This is more than sufficient to satisfy the Slack test. See Miller-El v. Cockrell, 537 U.S. 322, 342, 123 S.Ct. 1029 (2003) ("the question is the debatability of the underlying constitutional claim, not the resolution of that debate").

Other circumstances in which a COA must issue is where the United States Supreme Court has granted certiorari to resolve a similar constitutional claim that is being attempted to be certified for appeal. In the present situation, the Supreme Court recently granted a writ of certiorari in Burton v. Waddington, U.S., No. 05-9222, cert. granted, (June 6, 2006) on the following questions: "(1) Is the holding in Blakely a new rule, or is it dictated by Apprendi? (2) If Blakely is a new rule, does its requirement that facts resulting in enhanced statutory maximum be proved beyond a reasonable doubt apply retroactively?" The Court's upcoming decision may answer the questions upon which a certificate of appealability is addressed here.

Because the grant of certiorari in Waddington is conclusive proof that jurists of reason would find the district court's conclusion debatable, a COA should issue on this claim. See. e.g., Autry v. Estelle, 464 U.S. 1201, 1302 (1983) (White Circuit Justice, in chambers) (certificate of probable cause issued pending the outcome of another case before the Court); Ford v. Strickland, 696 F.2d 804, 807 (11th Cir.) (per curiam) (en banc), cert. denied, 464 U.S. 865 (1983); see also Federal Habeas Corpus Practice and Procedure, 5th Ed., § 35.4c, pp. 1782-83.

In conclusion, Petitioner submits that a certificate of appealability must issue on any or all claims raised in the application for certificate of appealability.

DATED this 23 day of June, 2006.

                              RESPECTFULLY SUBMITTED,

BY: *Juan delos Santos*
     JUAN DELLOSANTOS, pro se
     dhj

## CERTIFICATE OF SERVICE

This is to certify that I have this date under the pains and penalty of perjury (Title 28 U.S.C. § 1746) served a true and correct copy of the foregoing Memorandum of Law in Support of Application for COA upon counsel of record as follows:[1]

> David Hennessy
> Assistant U.S. Attorney
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Ste., 9200
> Boston, Massachusetts 02210

by placing the same in the United States mail, first class postage prepaid and properly affixed thereto.

DATED this 23 day of June, 2006.

BY: *Juan de los Santos*
JUAN DELLOSANTOS, pro se

Reg. No. 16686-265
FCI - Loretto
P.O. Box 1000
Loretto, PA 15940

---

[1] A prisoner's pro se pleading is deemed filed the date it is delivered to prison authorities for mailing. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001).