United States District Court
District of Massachusetts

```
_____
                               )
JUAN DELLOSANTOS,              )
                               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    04-11624-NMG
                               )
UNITED STATES OF AMERICA       )
                               )
        Respondent.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The petitioner, Juan Dellosantos ("Dellosantos" or "petitioner"), who is proceeding pro se in this application for issuance of a Certificate of Appealability ("COA"), pled guilty in October, 2001, to one count of possession of heroin with the intent to distribute it, and distributing it, in violation of 21 U.S.C. § 841(a)(1).

I.   **Prior Court Decisions**

Dellosantos was indicted on March 8, 2001, on four counts relating to the possession and distribution of heroin and crack cocaine. Pursuant to a plea agreement with the government, the government dropped three of the charges and petitioner pled guilty on October 9, 2001, to one count of possessing heroin with

-1-

the intent to distribute it, and distributing it.  The conviction subjected Dellosantos to a maximum statutory sentence of 20 years imprisonment.

The parties also agreed to take various positions with respect to the advisory guidelines and sentencing recommendation: 1) that Dellosantos was a career offender with a base offense level ("BOL") of 32 and Criminal History Category ("CHC") VI but 2) that if the Court were to conclude that he was not a career offender, he would be responsible for 114.6 grams of cocaine base and .39 grams of heroin, resulting in the same BOL of 32. Furthermore, the parties agreed that if petitioner were found not to be a career offender, the government would take the position that he was a leader and thus his BOL should be increased by two levels.  It also expressly noted that Dellosantos may be deportable and/or excluded from the country as a result of his conviction.

In January, 2002, the Court sentenced petitioner to 188 months of imprisonment.  The Court found Dellosantos not to be a career offender and sentenced him on the basis of the amount of drugs for which he was held accountable, with an upward adjustment for his role as a leader in the offense and a downward adjustment for his acceptance of responsibility.  Accordingly, petitioner's guideline sentencing range was 168 to 210 months of imprisonment.  Although the government recommended a sentence at

the low end of the range (168 months), the Court sentenced him to 188 months, which was the same sentence imposed on his co-defendant and brother.

Dellosantos's appeal to the First Circuit Court of Appeals on the grounds that his counsel had been ineffective in failing to seek a downward departure on the basis of his deportable status was unsuccessful. United States v. Dellosantos, 71 F. App'x. 72 (1st Cir. 2003)(summary disposition). In July, 2004, he filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and sentencing errors. With respect to the sentencing errors, he contends that his sentence was contrary to the principles of Booker and based on miscalculations of his criminal history.

In a Memorandum & Order entered April 26, 2006, this Court denied petitioner's motion and dismissed the petition. The Court found counsel to be "more than competent" and that Dellosantos failed to demonstrate prejudice resulting from his alleged errors in light of the evidence of his guilt. As for the sentencing argument, the Court found that 1) at the time of sentencing, it was proper for the judge to determine drug weight and type based on the preponderance of the evidence and 2) Booker does not apply retroactively.

Dellosantos brings the pending COA application with respect to the Court's dismissal of his petition for habeas corpus. He contends that a COA should be granted on the grounds that 1) the Court's dismissal of his petition without an evidentiary hearing was a denial of due process, 2) the Court's analysis of ineffective assistance of counsel claims was contrary to and an unreasonable application of federal law and 3) the United States Supreme Court's grant of a writ of certiorari in Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005), cert. granted, 126 S.Ct. 2352 (June 5, 2006)(No. 05-9222), on whether Blakely states a new rule and applies retroactively, demonstrates that reasonable jurists would disagree with the Court's conclusion.

**II.   Discussion**

  **A.   Legal Standard**

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right". In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. First Cir. Loc. R. 22.1(a).

The applicable standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon

substantive or procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Dellosantos's petition for habeas corpus was denied on the merits, this Court may issue a COA if "the petitioner ... demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". Id.

### B. Analysis

The first issue as to which petitioner seeks a COA is the Court's dismissal of his § 2255 petition without an evidentiary hearing. As a preliminary matter, the First Circuit has recognized that such hearings are "the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003)(citing United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). Additionally, in cases such as this one, where the petition for habeas relief is presented to the same judge who presided at the previous proceeding, "the judge is at liberty to employ the knowledge gleaned during the previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

In this case, the Court's dismissal of petitioner's motion was based on clear evidence on the record regarding the plea agreement between the parties and performance of counsel at his

sentencing hearing.  Upon consideration of that record, the Court found counsel to be more than competent and the claims of ineffective assistance to be belied both by the terms of the plea agreement and petitioner's own statements during his colloquy with the Court.

The second issue for which Dellosantos seeks a COA, i.e that the Court's analysis of his ineffective assistance of counsel claim is contrary to federal law, is also unpersuasive.  On appeal, the First Circuit found his argument of ineffective assistance to be without merit.

The third and final basis on which petitioner seeks a COA relates to the sentence imposed by this Court.  In denying his motion to vacate, set aside or correct his sentence, the Court stated that even if Dellosantos had a tenable claim under Booker, "that decision does not apply retroactively".  Cirilo-Munoz v. United States, 404 F.3d 527, 737 (1st Cir. 2005).  Citing the United States Supreme Court's grant of a writ of certiorari in June, 2006 in the case of Burton v. Waddington, 142 Fed. Appx. 297 (9th Cir. 2005), cert. granted, 126 S.Ct. 2352 (June 5, 2006) (No. 05-9222), he contends that his COA should be granted because the grant of certiorari is evidence that reasonable jurists would debate the correctness of this Court's decision.

The Supreme Court granted the certiorari petition in Burton to answer two questions:  1) whether Blakely presented a new rule

and 2) whether Blakely applied retroactively. On January 9, 2007, the Supreme Court declined to answer either of those questions because the petitioner had failed to comply with the procedural requirements of 28 U.S.C. § 2244(b) and that failure deprived the District Court of jurisdiction to hear his claims. Burton v. Stewart, 127 S. Ct. 793 (2007). The law, therefore, remains unchanged. Moreover, the fact that the outcome of another case may impact the status of the law, especially where the First Circuit has provided clear guidance, is, alone, insufficient to carry the petitioner's burden. See Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)(courts should continue to apply binding precedent even though the Supreme Court has granted certiorari on a potentially relevant case). Accordingly, Dellosantos's final argument is also unavailing.

## ORDER

In accordance with the foregoing, Petitioner's request for a Certificate of Appealability (Docket No. 10) is **DENIED.**

**So ordered.**

                                       /s/ Nathaniel M. Gorton
                                       Nathaniel M. Gorton
                                       United States District Judge

Dated: April 30, 2007